IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                            CASE NO. 1:90-cr-01036-MP

ROBERT REE SMITH,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 370, Mr. Smith's Motion for modification of his sentence under 18 U.S.C. § Section 3582 (c)(2).  Generally, a district court may not modify a term of imprisonment once imposed; however, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon a defendant's motion, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In the instant case, Mr. Smith makes the following argument:

> Controlling case law gives the District Court the discretion to reduce a sentence whenever a guideline range has been subsequently lowered by the Sentencing Commission.  Since United States v. Booker, struck down the "mandatory [a]pplication" of the Guidelines, all guidelines ranges ha[ve] been "subsequently lowered" by [virtue] of the Booker decision.

Doc. 370, Mr. Smith's Motion for modification of sentence under Title 18 U.S.C. § 3582 (c)(2), p. 5.  Petitioner's argument has been expressly rejected by the Eleventh Circuit in United States v. Moreno, 421 F.3d 1217 (11th Cir. 2005)("Booker is a Supreme Court decision, not a

retroactively applicable guideline amendment by the Sentencing Commission.  Therefore, Booker is inapplicable to § 3582(c)(2) motions.").

Accordingly, the motion to modify his sentence, doc. 370, is denied.

**DONE AND ORDERED** this   *4th* day of January, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge