IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                        CASE NO. 1:90-cr-01036-MP -GRJ

ROBERT REE SMITH,

    Defendant.

_____/

# O R D E R

    This matter is before the Court on Doc. 438, Motion for Reconsideration of Doc. 437, which is an Order denying defendant's Motion to Vacate. In the order, the Court held that Mr. Smith is essentially making an Apprendi claim that the issue of whether he withdrew from the conspiracy before a certain date should have been presented to the jury. Since Apprendi does not apply retroactively on collateral review, the Court continued to reject this argument.

    Now, defendant argues that he is relying on United States v. O'Brien, 130 S.Ct. 2169 (2010). In O'Brien, the government charged the defendant with using a machine gun in the furtherance of an armed robbery of an armored car. The government eventually dismissed that count, "on the basis that it would be unable to establish the count beyond a reasonable doubt." Id. at 2173. The government continued to assert another count from the indictment, which charged simply the use of the same firearm (but not necessarily that it was a machine gun) in furtherance of the armed robbery. The jury convicted O'Brien on this non-specific firearm count. The government then asserted at sentencing that it did not need to prove the fact that the gun was a machine gun to a jury since that was just a sentencing factor, and not an element of the offense.

The district court rejected the government's argument, and the government appealed the issue all the way up to the Supreme Court.

The Supreme Court considered whether the fact that the firearm in that case was a machine gun was an element to be proved to the jury beyond a reasonable doubt, or a sentencing factor to be proved to the judge at sentencing under 18 U.S.C. § 924(c). O'Brien, 130 S.Ct. at 2172. The Court discussed its previous holding in Castillo v. United States, in which it determined that the firearm type was an element of the offense to be proved to the jury under a previous version of § 924, Castillo, 530 U.S. 120, 131 (2000), and concluded that Castillo controlled the case. Thus, the machine gun provision of § 924(c)(1)(B)(ii) was an element of the offense and must be proved to a jury beyond a reasonable doubt.

There are two aspects of O'Brien that render it useless to plaintiff. First, in O'Brien, the issue was raised at sentencing and on direct appeal, thus the issue of retroactivity on collateral review was not raised, nor was the issue considered under a harmless error standard. Also, like with Apprendi, the O'Brien Court did not state that the rule from the case was retroactively applicable, nor can this Court find any cases in which O'Brien has been applied retroactively. See Patterson v. Rios, 2011 WL 1458164 (S.D. Ill. 2011). As the Supreme Court stated in Tyler v. Cain, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Therefore, just as Apprendi is unavailable on collateral review, so to is O'Brien unavailable to defendant in his § 2255 proceeding.

Additionally, even if a Court were to apply O'Brien to defendant's case, any error in failing to present the issue of withdrawal to the jury was harmless error. A constitutional error is harmless if "it is clear beyond a reasonable doubt that a rational jury would have found the

defendant guilty absent the error." Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 1838, 144 L.Ed.2d 35 (1999).  Here, as discussed in the order at Doc. 303, pp. 2-6, substantial evidence existed that Petitioner did not meet his burden of proving withdrawal before November 1987.

A conspirator can overcome the presumption of his continued participation in the conspiracy by showing that he withdrew from it. Withdrawal, however, is an affirmative defense, which the defendant has the burden of proving. U.S. v. Finestone, 816 F.2d 583, 589 (11th Cir. 1987); see, e.g., Hyde v. United States, 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114 (1912); United States v. Garcia, 721 F.2d 721, 725 (11th Cir.1983) ("[T]he defendant bears the burden of proof to show that he withdrew from the conspiracy by affirmatively acting to defeat or disavow the conspiracy ....") (citation omitted). The defendant's burden in this regard is substantial. To establish that he withdrew from a conspiracy, the defendant must prove that he undertook affirmative steps, inconsistent with the objects of the conspiracy, to disavow or to defeat the conspiratorial objectives, and either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities. See, e.g., United States v. United States Gypsum Co., 438 U.S. 422, 464-65, 98 S.Ct. 2864, 2887, 57 L.Ed.2d 854 (1978); Hyde, 225 U.S. at 368-69, 32 S.Ct. at 802-03. A mere cessation of activity in the conspiracy is not sufficient to establish withdrawal. See, e.g., Hyde, 225 U.S. at 369, 32 S.Ct. at 803; United States v. Badolato, 701 F.2d 915, 921 n. 4 (11th Cir.1983).

While the defendant claims that he affirmative acted inconsistently from the conspiracy when he intended to steal cocaine from a coconspirator, he has never offered evidence that he "communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities."  Indeed, he did the opposite.  He

acted to hide the act of his cocaine theft from his coconspirators and never contacted law enforcement.  Thus, it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty, and that he had not proven withdrawal prior to November 1987, even absent the error.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion for reconsideration, Doc. 438, is granted, but upon reconsideration, the Court declines to change its decision to deny all § 2255 relief to Mr. Smith.

**DONE AND ORDERED** this *23rd* day of May, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge